OPINION
Plaintiff-appellant Rachel Ramsey fka Swartzentruber appeals from the March 22, 2000, April 3, 2000, and April 19, 2000, Judgment Entries of the Tuscarawas County Court of Common Pleas, Domestic Relations Division.
 STATEMENT OF THE FACTS AND CASE
On September 11, 1997, appellant Rachel Ramsey fka Swartzentruber and appellee Michael Swartzentruber filed a petition for dissolution of marriage in the Tuscarawas County Court of Common Pleas, Domestic Relations Division. Only one child, Corey H. Swartzentruber (DOB July 26, 1993), had been born as issue of such marriage. As part of their separation agreement, the parties entered into a shared parenting plan. Pursuant to the terms of the shared parenting plan, appellant was designated Corey's residential parent and appellee was granted visitation with Corey from Friday to Sunday on the second, third and fourth weekend of each odd numbered month, on the second and fourth weekend of each even numbered month, and on Tuesday evenings. The shared parenting plan further provided that neither parent was permitted to remove Corey from the State of Ohio for permanent residence purposes without the permission of the other parent and/or court approval. Pursuant to a Judgment Entry filed on November 6, 1997, granting the parties' petition for dissolution of marriage, the trial court incorporated the parties' separation agreement and shared parenting plan as part of the decree of dissolution. After the dissolution of her marriage to appellee, appellant later married Rick Ramsey. Thereafter, on August 27, 1999, appellant filed a "Motion to Terminate Shared Parenting and Motion for Contempt" along with an affidavit. Appellant, in her motion, argued that the shared parenting plan should be terminated and appellee's visitation schedule modified since appellant's husband had been promoted and was being transferred to Lancaster, Pennsylvania, effective September 7, 1999. Appellant, who alleged in the affidavit accompanying her Motion that appellee permitted Corey to watch R-rated movies, also requested approval from the trial court to move with Corey to Lancaster on September 15, 1999, so that Corey could start first grade. In addition, in the second branch of her motion, appellant asked the trial court to find appellee in contempt of court for failing to abide by the visitation schedule "as set forth in the parties' separation agreement and the order of this Court of September 11, 1997." Appellant specifically contended, in her affidavit, that appellee had refused to return Corey to her on August 20, 1999, at the end of Corey's scheduled visit. Subsequently, appellee, on August 30, 1999, filed a motion requesting that appellant be found in contempt for failing to notify appellee of her intent to move to a different residence and requesting that appellant be restrained from permanently removing Corey from Tuscarawas County. Approximately two weeks later, appellee filed a Motion for Modification of Parental Rights and Responsibilities, arguing that appellant had failed to abide by the terms of the parties' shared parenting plan. On the same date, appellee filed a motion seeking temporary custody of Corey "during the pendency of the custody modification action filed herein." Following an oral hearing held on September 22, 1999, the Magistrate, pursuant to an order filed on September 23, 1999, ordered that Corey not be permanently removed from Tuscarawas County, Ohio, during the pendency of the action and that visitation continue pursuant to the parties' shared parenting plan. The Magistrate, who also scheduled an evidentiary hearing for October 27, 1999, on all pending motions, stated in such order as follows: "Both parties are admonished that the term "odd months" are the months of January, March, May, July, September and November and the term "even months" are the months of February, April, June, August, October and December." After the evidentiary hearing, which commenced on October 27, 1999, and concluded on November 8, 1999, both parties filed proposed findings of fact and conclusions of law. As memorialized in a decision filed on November 23, 1999, the Magistrate recommended that the parties' shared parenting plan be terminated pursuant to R.C. 3109.04(E)(2)(c) since "it is not in the best interest of the child" and that the contempt motions of both parties be denied. The Magistrate, in his decision, also made the following recommendations: 3. The undersigned recommends that Rachel Ramsey [appellant] be named the residential parent and legal custodian of the minor child Corey effective with the Judgment Entry which adopts or modifies this Decision. Ms. Ramsey should be permitted to move to Pennsylvania with the minor child. Mr. Ramsey has taken a job in Pennsylvania which increased his income by 60% in order to better provide for his family. His spouse and her child should not be denied the opportunity to be with him. 4. Mr. Swartzentruber [appellee] should have visitation on the first weekend of every month [from 8:00 P.M. on Friday to 5:00 P.M. on Sunday] . . . 5. Mr. Swartzentruber should also have visitation for four weeks during the Summer months. He should have visitation from December 26 through December 29 each year and on the Monday through the Thursday Corey's off Spring Break from school. 6. Pursuant to the attached child support worksheet, child support should be set herein in the amount of $327.50 plus 2% processing fee. Since that amount does not vary by 10% from the current order, however, the current order should remain in place at $346.00 per month plus 2% processing fee. 7. Mr. Swartzentruber should claim the tax exemption for the minor child if he is current in his child support in any given year. Paragraph Eight of the Shared Parenting Plan should remain in place concerning the health insurance and uninsured medical expenses.
Thereafter, both parties filed objections to the Magistrate's Decision. Appellant, in her objections, objected to the Magistrate's failure to find appellee in contempt of court for failing to abide with the trial court's previous orders with respect to visitation. Appellant specifically objected to the Magistrate's finding in paragraph 17 of his decision that appellee's failure to comply with the trial court's visitation schedule was "caused by confusion over the weekends to which Mr. Swartzentruber [appellee] is entitled which has now been clarified by the Magistrate's Order of 9/23/99." Thereafter, the trial court, pursuant to a Judgment Entry filed on February 29, 2000, remanded the matter back to the Magistrate so that the Magistrate could issue a supplemental Magistrate's Decision containing specific conclusions of law pertaining to why Corey's best interests were better served by an award of permanent residential placement/custody to appellant. In accordance with such order, a supplemental Magistrate's Decision was filed on March 1, 2000. Shortly thereafter, the trial court, as memorialized in a Judgment Entry filed on March 22, 2000, overruled all objections to the Magistrate's Decision "pertaining to the substantive Conclusions of Law issued by the Magistrate." The trial court adopted the Magistrate's November 23, 1999, Decision and March 1, 2000, Supplemental Decision without modification as to the Conclusions of Law of the Court. The trial court, in its order, also overruled both appellee's and appellant's Motions for Contempt and granted appellant's Motion to Terminate Shared Parenting Plan. While appellant was granted the exclusive child custody/residential placement of Corey, the trial court ordered that appellee was entitled to visitation. The trial court, in its entry, further ordered both parties to submit proposed child companionship/visitation orders. In accordance with the trial court's March 22, 2000, Judgment Entry, both parties filed proposed visitation schedules. Pursuant to a Judgment Entry filed on April 3, 2000, the trial court ordered that appellant was not permitted to permanently remove Corey from Tuscarawas County until the 1999/2000 school year was completed. The trial court further ordered, in part, as follows: ORDERED, ADJUDGED AND DECREED that Michael S. Swartzentruber is allocated the Tax Exemption/Deduction pertaining to the minor child Corey for Federal, State and Local tax purposes for all tax years provided that he has not been delinquent in his monthly monetary child support obligation for more than (6) months during any calendar year. Should he be delinquent in more than six (6) calendar months in this monetary child support obligation during any calendar year the deduction/exemption for Federal, State and Local Tax purposes pertaining to the minor child Corey shall revert to Rachel N. Ramsey for that tax year.
ORDERED, ADJUDGED AND DECREED that the following Companionship/Visitation Rights of Petitioner Michael S. Swartzentruber with the minor child Corey shall supplant/replace the Companionship/Visitation Rights of Michael S. Swartzentruber with the minor child Corey currently in full force and effect: . . . Summer Vacation 2001 and all subsequent Summer Vacations On the first Sunday in June subsequent to the dismissal of school, Michael S. Swartzentruber shall pickup Corey in Lancaster, Pennsylvania at 9:00 A.M. and return him to his residence in Tuscarawas County, Ohio. Corey shall remain with Michael S. Swartzentruber until the first Sunday in August at 9:00 A.M. at which time Rachael N. Ramsey shall pickup Corey and return him to her residence in Lancaster, Pennsylvania. Christmas Vacation Break Rachael N. Ramsey shall deliver Corey to Michael S. Swartzentruber's residence within twenty-four (24) hours of the commencement of Corey's Christmas Vacation/Break and Corey shall remain with Michael S. Swartzentruber for the duration of each Christmas Vacation/Break until 9:00 A.M. on the second to last day of said Vacation/Break at which time Rachael N. Ramsey shall pickup Corey and return him to her residence in Lancaster, Pennsylvania. The Court is cognizant that this Christmas Vacation/Break Companionship/Visitation will deprive Rachel N. Ramsey of spending Christmas Eve and Christmas Day with Corey each year, but the fact that alternate weekend visitations by Michael S. Swartzentruber with Corey have been eliminated must be offset with extensive Companionship/Visitation by Michael S. Swartzentruber with Corey during all school and Summer Vacation/Breaks. Easter/Spring Break Vacation Rachael N. Ramsey shall deliver Corey to Michael S. Swartzentruber's residence within twenty-four (24) hours of the commencement of Corey's Easter/Spring Break/Vacation and Corey shall remain with Michael S. Swartzentruber for the duration of the Easter/Spring Vacation/Break until 9:00 A.M. on the second to last day of said Vacation/Break at which time Rachel N. Ramsey shall pickup Corey and return him to her residence in Lancaster, Pennsylvania.
On April 14, 2000, appellant, filed a Motion for Reconsideration of the trial court's April 3, 2000, Judgment Entry. Appellant, in her motion, argued that she should be immediately permitted to permanently remove Corey to Lancaster, Pennsylvania, due to Corey's emotional stress and due to appellant's need, for insurance purposes, to obtain medical treatment for her pregnancy in Pennsylvania. Such motion was denied by the trial court as memorialized in a Judgment Entry filed on April 19, 2000. It is from the trial court's March 22, 2000, April 3, 2000, and April 19, 2000, Judgment Entries that appellant now prosecutes her appeal, raising the following assignments of error:
 I. THE TRIAL COURT COMMITTED AN ERROR OF LAW AND AN ABUSE OF DISCRETION IN MODIFYING THE VISITATION SCHEDULE AS SAID MODIFICATION WAS NOT IN COMPLIANCE WITH OHIO REVISED CODE 3109.51(D)(1-15)(sic).
 II. THE TRIAL COURT ERRED IN OVERRULING RACHEL RAMSEY'S MOTION FOR CONTEMPT AS SAID DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND AN ABUSE OF DISCRETION.
 I
Appellant, in her first assignment of error, argues that the trial court abused its discretion in modifying the visitation schedule. We, however, disagree. Modification of visitation rights is governed by R.C.3109.051. Braatz v. Braatz (1999), 85 Ohio St.3d 40, paragraph one of the syllabus. R.C. 3109.051(C) provides: When determining whether to grant companionship or visitation rights to a parent, grandparent, relative, or other person pursuant to this section or section 3109.11 or 3109.12 of the Revised Code, when establishing a specific visitation schedule, and when determining other visitation matters under this section or section3109.11 or 3109.12 of the Revised Code, the court shall consider any mediation report that is filed pursuant to section 3109.052 of the Revised Code and shall consider all other relevant factors, including, but not limited to, all of the factors listed in division (D) of this section.
Pursuant to this section, the trial court need consider only whether modification of visitation is in the child's best interest. Braatz, 85 Ohio St.3d at paragraph two of the syllabus. The best interest of the child is judged by the non-exclusive list of factors provided in R.C.3109.051(D). Id. The decision of a trial court with respect to visitation matters may be reversed only if it is found to constitute an abuse of discretion. Braatz, 85 Ohio St.3d at 45. "Abuse of discretion" connotes that the trial court's judgment was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. In the case sub judice, paragraph 4 of the shared parenting plan provided, in part, as follows: "The primary residence of the child shall be with Rachel N. Swartzentruber. Michael S. Swartzentruber shall have the right to share in the companionship and parenting of his son on the second, third and fourth weekend of each odd numbered month and on the second and fourth weekend of each even numbered month. Weekend visitations shall begin at 2:30 p.m. Fridays and end at 7:00 p.m. on Sundays. Michael S. Swartzentruber shall also share in the companionship and parenting of the minor child on every Tuesday from 6:00 p.m. to 8:00 p.m. and any other days which the parties mutually agree upon. Parties shall follow the Court's standard Schedule B visitation for all holidays and other special days."
Following hearings held on October 27, 1999, and November 8, 1999, the Magistrate in his November 23, 1999, decision, recommended that appellee be granted visitation on the first weekend of every month and visitation for four weeks during the summer months. The Magistrate further recommended that appellee have visitation from December 26th through December 29th each year and on the Monday through the Thursday during Corey's Spring Break from school. Subsequently, the trial court, pursuant to a Judgment Entry filed on March 22, 2000, granted appellant exclusive custody of Corey and ordered both parties to submit proposed child companionship/visitation orders. In accordance with the trial court's request, both parties subsequently filed proposed visitation schedules. Appellant, in her proposed visitation schedule proposed that appellee be granted one weekend visit per month from Friday at 8:00 P.M. to Sunday at 5:00 P.M., that appellee have a total of four weeks visitation including one week in June, one week in July, and one week in August, and that appellee be granted one week visitation at Christmas break (not falling on Christmas Eve or Christmas Day). Appellant, in her proposed visitation schedule, further requested that appellee have no weekend visits during the summer months and at Christmas when appellee would be exercising his weekly visitations. In turn, appellee, in his proposed visitation schedule, requested one weekend visitation per month with Corey, one week of Christmas visitation to commence the day after Christmas, and one week at Easter break. However, despite the parties' proposed visitation schedule, the trial court, as set forth in the statement of facts above, granted appellee extensive visitation with Corey during all school and summer vacations or breaks, including Christmas Eve and Christmas Day. While appellant now argues that the trial court's modification of visitation constituted an abuse of discretion, we do not concur. We find that the trial court did not abuse its discretion in modifying the visitation schedule since such decision was not arbitrary, unreasonable, or unconscionable. The trial court, in its April 3, 2000, Judgment Entry, clearly considered the factors set forth in R.C. 3109.51(D) in modifying visitation. The trial court, in its entry, clearly indicated that it was granting appellee extended companionship/visitation with Corey during all school and summer vacations or breaks, including Christmas Eve and Christmas Day, because of the fact that alternate weekend visitations by appellee with Corey had been eliminated. The trial court, specifically stated in its entry as follows: "Ordered, adjudged and decreed that the current alternate weekend Companionship/Visitation heretofore exercised by the Michael S. Swartzentruber with the minor child Corey is terminated effective at the close of the 1999/2000 school year at Corey's school in Tuscarawas County, Ohio. The undersigned does not take this action lightly but has concluded that the distance between Lancaster, Pennsylvania, and Tuscarawas County, Ohio, requiring an approximate one-way trip of seven (7) hours renders impractical and detrimental to Corey continuation of the alternate weekend visitations. Consequently, the undersigned has provided Petitioner Michael S. Swartzentruber with extraordinary and additional Companionship/Visitation with the minor child during the child's vacation periods."
Clearly, pursuant to R.C. 3109.051(D)(2) and (7), the trial court considered the geographical location of the residence of each parent, and the distance between those residences as well as Corey's health and safety in modifying visitation. It is also clear that, in accordance with R.C. 3109.051(D)(14), the fact that appellant had established a residence outside of Ohio was considered by the trial court. We find, therefore, that the trial court did not abuse its discretion in modifying visitation. Appellant, in her brief, further argues that the trial court abused its discretion in ordering as follows in its April 3, 2000, Judgment Entry: "Ordered, adjudged and decreed that Petitioner Michael S. Swartzentruber shall have the right to talk by telephone with the minor child Corey, twice weekly on Mondays and Fridays at 9:00 P.M. or on such other days of the week and at times as the parties might agree. This right to telephone conversations with the minor child shall be twice weekly during the school year."
While appellant argues that such order constituted an abuse of discretion because it was "unduly restrictive, unnecessary and clearly not in Corey's best interests," we do not concur. Based on the trial court's termination of appellee's alternate weekend visits with Corey, we find that it was not arbitrary, unconscionable or unreasonable for the trial court to grant appellee the right to talk by telephone with his minor son twice weekly on Mondays and Fridays at 9:00 P.M. for no longer than thirty minutes on a school night and one hour on a non-school night. In her first assignment, appellant further contends that the trial court abused its discretion in ordering that appellee could continue to claim Corey as an exemption for federal and state income tax purposes, even if appellee were six months behind in his child support obligations, and in abating appellee's child support obligation for the months of June and July. The trial court, in its April 3, 2000, Judgment Entry, ordered that appellee's mandatory child support obligation "shall abate during the months of June and July of each summer vacation, commencing in the year 2001and continuing thereafter." We find that the court's order abating child support for such months was not arbitrary, unconscionable or unreasonable since, commencing in the summer of 2001 appellee would have physical custody of Corey from the first Sunday in June until the first Sunday in August. In its April 3, 2000, Judgment Entry the trial court also ordered that appellee be allotted the tax exemption/deduction pertaining to Corey for federal, state and local tax purposes "for all tax years provided that he has not been delinquent in his monthly monetary child support obligation for more than 6 months during any calendar year." R.C. 3113.21(C)(1)(f) provides, in part, that a court "may permit the parent who is not the residential parent and legal custodian to claim the children as dependents for federal income tax purposes only if the payments for child support are current in full as ordered by the court for the year in which the children will be claimed as dependents." (Emphasis added.) While the term "current" is not defined in the statute, we conclude that anyone who is six months behind in child support is not "current" on his child support obligation. We find, therefore, that it was contrary to law for the trial court to allow appellee to claim the child for tax exemption/deduction purposes "for all tax years provided that [appellee] has not been delinquent in his monthly monetary child support obligation for more than six (6) months during any calendar year." For the foregoing reasons, appellant's first assignment of error is sustained in part and overruled in part.
 II
Appellant, in her second assignment of error, contends that the trial court abused its discretion in overruling appellant's motion for contempt against appellee. We, however, disagree. Whether or not to hold a person in contempt is within the sound discretion of the trial court. See State ex rel. Ventrone v. Birkel (1981), 65 Ohio St.2d 10, 11. In order to find an abuse of discretion, we must find that the trial court's decision was unreasonable, arbitrary or unconscionable. See Blakemore, supra. As is stated above, appellant, on August 27, 1999, filed a motion for contempt arguing that appellee should be held in contempt of court for failing to abide by "the visitation schedule as set forth in the parties' separation agreement and the Order of this court of September 11, 1997." The Magistrate, in his November 23, 1999, decision, recommending that appellant's Motion for Contempt be denied, specifically found that appellee's failure to comply with the visitation schedule was caused by "confusion over the weekends to which Mr. Swartzentruber is entitled which has now been clarified by the Magistrate's Order of 9/23/99." Subsequently, the trial court, in its March 22, 2000, Judgment Entry, overruled appellant's Motion for Contempt. We find that the trial court did not abuse its discretion in overruling appellant's Motion for Contempt since such decision was not arbitrary, unconscionable or unreasonable. As is stated above, the parties' shared parenting plan granted appellee visitation on the second, third and fourth weekends of each odd numbered month and on the second and fourth weekends of each numbered month. The plan did not specify which months were considered even numbered months and which were considered odd numbered months. Appellant, in her brief, points out that appellee disregarded the court's order by failing to return Corey to appellant on Friday, August 20, 1999, after a scheduled visitation. However, appellee, at the November 8th hearing, testified that he did not return Corey to appellant on such date because he believed that August, having an odd number of days, was an odd numbered month. Transcript of November 8, 1999, proceedings at 69. Appellee further testified that for such reason, he believed that under the shared parenting plan he had a right to have visitation with Corey for the whole weekend, or until August 22, 1999. Any confusion over the visitation schedule subsequently was clarified by the Magistrate's September 23, 1999, Order. Based on the foregoing, we find that the trial court did not abuse its discretion in declining to find appellee in contempt for failing to abide by the court's visitation schedule. Based on appellee's testimony and the parties' failure to define the terms "odd numbered month" and "even numbered month"in the shared parenting plan, we find that the trial court's finding that appellee's failure to comply with the visitation schedule was caused by confusion over the weekends to which appellee is entitled was not arbitrary, unconscionable or unreasonable.
Accordingly, appellant's second assignment of error is overruled. The judgment of the Tuscarawas County Court of Common Pleas, Domestic Relations Division is affirmed in part and reversed and remanded in part.
Edwards, J. Gwin, P.J. and Wise, concur